IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| | § | **CASE NO. 6:02-CR-30-JDK** |
| **vs.** | § § § | |
| | § | |
| **JOHN DAVID KOLBERG (1)** | § § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On November 29, 2021, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Jim Noble. Defendant was represented by Matt Millslagle.

*Background*

After pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony, Defendant John David Kolberg was sentenced on December 2, 2002 by United States District Judge William M. Steger. The offense carried a statutory maximum imprisonment term of not more than 10 years. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of VI, was 63 to 78 months. Defendant was sentenced to 78 months of imprisonment to run concurrent with the state TDCJ-ID sentence in Docket No. 01-1045-CR, 25th District Court, Guadalupe County, Texas, followed by a 3-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure, testing and treatment for drug and alcohol abuse, and sex offender registration.

1

The case was re-assigned to United States District Judge Jeremy D. Kernodle on October 5, 2020. Defendant completed his term of imprisonment and started his term of supervised release on April 20, 2021.

### *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on May 6, 2021, United States Probation Officer Ashley McKinney alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition): The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.** It is alleged that Defendant was contacted by the probation officer on April 19, 2021 via telephone through his case manager at the Jester III TDCJ Unit in Richmond, Texas. Defendant provided a release address of 4611 Lakeway Drive, San Antonio, Texas 78244, his father-in-law's residence. Defendant was instructed by the probation officer to report directly to the U.S. Probation Office in San Antonio, Texas within 72 hours of his release, and was later provided written notice of these instructions upon his release on April 20, 2021. According to the U.S. Probation Office in San Antonio, Texas, Defendant failed to report as directed as of April 30, 2021. As of the date the petition was filed, Defendant has made no known attempts to contact the U.S. Probation Office in person or by phone in either San Antonio or Tyler, Texas.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by failing to report as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was VI. The guidelines provide that Defendant's guideline range for a Grade C violation is 8 to 14 months of imprisonment.

### *Hearing*

On November 29, 2021, Defendant appeared for a final revocation hearing. Assistant United States Attorney Jim Noble announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of 12 months and 1 day of imprisonment with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition. Defendant requested a recommendation for designation at FMC Ft. Worth.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 12 months and 1 day of imprisonment with no further supervised release. Any criminal history monetary penalties previously ordered in the final

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 12 months and 1 day of imprisonment with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 12 months and 1 day of imprisonment with no further supervised release.

So ORDERED and SIGNED this 30th day of November, 2021.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE